UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CELGENE CORPORATION, et al.,** | Civil Action No. 07-4459 (FLW) |
| **Plaintiffs,** | |
| v. | ORDER |
| **TEVA PHARMACEUTICALS USA, INC.,** | |
| **Defendant.** | |

This matter having been opened to the Court upon Motion by Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), seeking leave to file a Second Amended Answer and Counterclaims; and Teva arguing that pursuant to FED.R.CIV.P. 15(a), it should be permitted leave to amend its pleadings in order to conform them to Plaintiffs Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG's (collectively "Celgene") new inequitable conduct defense; and Teva further arguing that it should be permitted leave to add allegations that Dr. Zeldis and Celgene's patent counsel, John Caldwell, Esq., violated their duty of candor to the Patent Office and committed inequitable conduct by using improper methodology to convince the Patent Office that Celgene had proven that "dexmethylphenidate had a longer duration of action than racemic methylphenidate" (Teva Br. at 6); and Teva further arguing that it should also be permitted to amend their pleadings in order to allege intent to deceive; and Teva further arguing that its proposed amendments, which "set forth a legally cognizable basis for inequitable conduct[,]" are not futile (*Id.*); and Teva further arguing that Celgene would not be prejudiced by Teva's proposed amendments because Celgene's recent admission that the methodology used by Dr. Zeldis is flawed necessitates Teva's proposed

amendments, and discovery is still in its infancy and no depositions have yet been taken such that Teva's proposed amendments would not significantly delay the resolution of this matter; and Teva further arguing that the instant Motion is timely because "Teva only recently discovered this misconduct by Celgene, its inventors, and their expert agents" (*Id.* at 9); and Celgene, while not agreeing that Teva's proposed amended claims are either timely or well-founded, having affirmatively informed the Court that they do not object to Teva's Motion; and the Court noting that Teva filed its Motion to Amend after the Court's deadline for such amendments; and the Court finding that where a motion to amend is filed after the applicable deadline for such motions, the moving party must not only meet the standards found in FED.R.CIV.P. 15(a), but must also meet the "good cause" standard set forth in FED.R.CIV.P. 16(b), which governs requests to modify the Court's Scheduling Order; and the Court further finding that a determination "of good cause depends on the diligence of the moving party ... [who] must show that the deadlines cannot be reasonably met despite its diligence" (*Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); *see also* FED.R.CIV.P. 16(b) advisory committee's note ("the court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence of the party seeking the extension")); and the Court further finding that, where the Scheduling Order provision from which relief is sought is a deadline for amending a pleading, the movant must demonstrate that any delay in filing the motion was the result of mistake, excusable neglect, or any other factor which accounts for the failure to comply (*Phillips v. Greben*, Civil No. 04-5590 (GEB), 2006 WL 3069475 at *6 (D.N.J. Oct. 27, 2006)); and the Court further finding that here Teva's assertion that it only recently discovered the alleged misconduct that forms the basis of its

proposed amendments establishes that good cause exists to permit Teva's Motion to go forward at this time; and the Court further finding that it therefore turns its analysis to the requirements of FED.R.CIV.P. 15(a); and the Court further finding that leave to amend the pleadings under FED.R.CIV.P. 15(a) is generally given freely (*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)); and the Court further finding that, nevertheless, it may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment"(*Id.*); and the Court further finding that where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted (*Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)); and the Court further finding that "prejudice to the non-moving party is the touchstone for the denial of the amendment" (*Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)(quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978))); and the Court further finding that to establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction *(Long*, 393 F.3d at 400); and the Court further finding that delay alone does not justify denying a motion to amend (*see Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)); and the Court further finding that it is where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the

opposing party" that denial of a motion to amend is appropriate (*Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984); and the Court further finding that unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay (*see Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)); and the Court further finding that "[t]he mere passage of time does not require that a motion to amend . . . be denied on grounds of delay" (*Cureton,* 252 F.3d at 273); and the Court further finding that like undue delay, in examining bad faith, the Court also looks at the moving party's reasons for not amending earlier (*see Lyon v. Goldstein*, Civil Action No. 04-3458 (MLC), 2006 WL 2352595, at *4 (D.N.J. Aug. 15, 2006)); and the Court further finding that a proposed amendment is futile when it would not survive a motion to dismiss (*Alvin*, 227 F.3d at 121 (3d Cir. 2000)); and the Court further finding that here there is no undue delay, bad faith or dilatory motive on the part of Teva, nor has there been a repeated failure to cure deficiencies by previously allowed amendments; and the Court further finding that Teva's proposed amendments will not unduly prejudice Celgene as they do not necessitate the expenditure of significant additional resources, nor will they significantly delay the resolution of this proceeding; and the Court further finding that Teva's proposed amendments are not clearly futile; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

    IT IS on this 25th day of November, 2008,

    ORDERED that Teva's Motion to Amend is GRANTED; and it is further

    ORDERED that Teva shall file its Second Amended Answer and Counterclaims no later than **December 8, 2008**; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 46] accordingly.

**s/Tonianne J. Bongiovanni**
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**
