RECEIVED

Charles M. Lizza
William Baton
SAUL EWING LLP
One Riverfront Plaza
Newark, New Jersey 07102-5490
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Celgene Corporation*

William J. O'Shaughnessy
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07101
(973) 639-2094
woshaughnessy@mccarter.com

*Attorneys for Plaintiffs*
*Novartis Pharmaceuticals Corporation*
*and Novartis Pharma AG*

JAN 3 0 2009

AT 8:30                    M
WILLIAM T. WALSH
CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG, | Civil Action No. 07-4459 (FLW)(TJB) |
| Plaintiffs, | Hon. Freda L. Wolfson, U.S.D.J. Hon. Tonianne J. Bongiovanni, U.S.M.J. |
| vs. | **DISCOVERY CONFIDENTIALITY ORDER** |
| TEVA PHARMACEUTICALS USA, INC., | |
| Defendant. | **(Filed Electronically)** |

|  |  |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG, | Civil Action No. 07-4854 (FLW)(TJB) |
| Plaintiffs, | Hon. Freda L. Wolfson, U.S.D.J. Hon. Tonianne J. Bongiovanni, U.S.M.J. |
| vs. | **DISCOVERY CONFIDENTIALITY ORDER** |
| INTELLIPHARMACEUTICS CORP., | |
| Defendant. | **(Filed Electronically)** |



CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,

     Plaintiffs,

vs.

ACTAVIS SOUTH ATLANTIC LLC and ABRIKA PHARMACEUTICALS, INC.,

     Defendants.

Civil Action No. 07-5367 (FLW)(TJB)

Hon. Freda L. Wolfson, U.S.D.J.
Hon. Tonianne J. Bongiovanni, U.S.M.J.

**DISCOVERY CONFIDENTIALITY ORDER**

**(Filed Electronically)**

CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,

     Plaintiffs,

vs.

BARR LABORATORIES, INC.,

     Defendant.

Civil Action No. 07-5552 (FLW)(TJB)

Hon. Freda L. Wolfson, U.S.D.J.
Hon. Tonianne J. Bongiovanni, U.S.M.J.

**DISCOVERY CONFIDENTIALITY ORDER**

**(Filed Electronically)**

   The parties to these cases have requested that the following Discovery Confidentiality Order ("Order") be entered to govern the exchange of discovery material between and among defendants Teva Pharmaceuticals USA, Inc., IntelliPharmaCeutics Corp., Actavis South Atlantic LLC, Abrika Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Defendants") with plaintiffs Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG (collectively, "Plaintiffs"). The Defendants and Plaintiffs anticipate producing discovery materials that are considered confidential.

In support of this request for Teva Pharmaceuticals USA, Inc., Deborah Jaskot has submitted the Declaration of Deborah Jaskot in Support of Discovery Confidentiality Order detailing why Teva Pharmaceuticals USA, Inc. believes that this Order is necessary.  (Attached hereto as Exhibit A.)

In support of this request for IntelliPharmaCuetics Corp. John Allport has submitted the Declaration of John Allport in Support of Discovery Confidentiality Order detailing why IntelliPharmaCeuticals Corp. believes that this Order is necessary.  (Attached hereto as Exhibit B.)

In support of this request for Actavis South Atlantic LLC and Abrika Pharmaceuticals, Inc. Dale Martin has submitted the Declaration of Dale Martin in Support of Discovery Confidentiality Order detailing why Actavis South Atlantic LLC and Abrika Pharmaceuticals, Inc. believe that this Order is necessary.  (Attached hereto as Exhibit C.)

In support of this request for Barr Laboratories, Inc., Nicholas Tantillo has submitted the Declaration of Nicholas Tantillo in Support of Discovery Confidentiality Order detailing why Barr Laboratories, Inc. believes that this Order is necessary.  (Attached hereto as Exhibit D.)

In support of this request for Celgene Corporation, Charles M. Lizza has submitted the Certification of Charles M. Lizza in Support of Discovery Confidentiality Order detailing why Celgene Corporation believes that this Order is necessary.  (Attached hereto as Exhibit E.)

Each Defendant filed an ANDA seeking FDA approval to manufacture and sell a generic version of Focalin XR®.  In or about the Fall of 2007, Plaintiffs filed patent infringement actions against each Defendant claiming that each Defendant's respective ANDA filing infringes U.S. Patent Nos. 5,908,850, 6,355,656, 6,528,530, 5,837,284, and 6,635,284 (collectively, the

"patents-in-suit").[1]  Plaintiffs have sought, among other things, an injunction upon the FDA's

approval of each of the Defendant's ANDA until the expiration of each of the patents-in-suit.

The Defendants have answered the Plaintiffs' complaints by denying the substantive allegations

of infringement, interposing various affirmative defenses, and affirmatively asserting claims of

invalidity, noninfringement and unenforceability of the patents-in-suit.

Good cause exists for entry of this Order.  *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of*

*Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) and the attached Declarations/Certification (Exs.

A-E).  The nature of the case requires the Plaintiffs and Defendants to seek and/or produce

documents and information and elicit deposition testimony, the disclosure of which may pose a

substantial risk of harm to the Plaintiffs' and Defendants' legitimate propriety interests.  This

Order provides reasonable restrictions on the disclosure of such sensitive materials.  In order to

streamline the discovery process and minimize the need for Court intervention, this Order adopts

a two-tiered approach that enables a party to designate certain materials as either

CONFIDENTIAL or ATTORNEYS' EYES ONLY[2].  Disclosure of materials designated as

CONFIDENTIAL or ATTORNEYS' EYES ONLY are limited to specific classes of persons, as

defined below.

This Order also provides that a party may challenge another party's confidentiality

designation before the Court, thereby minimizing the likelihood that non-sensitive documents

will be unnecessarily designated as confidential.  Discovery Confidentiality Orders of this type

have been approved by the United States Court of Appeals for the Third Circuit.  *See Pansy*, 23

F.3d at 787, n. 17; *Cipollone v. Ligget Group, Inc.* 785 F.2d 1108, 1122 (3d Cir. 1986); *cert*

*denied*, 484 U.S. 976 (1987).

---

[1] On December 16, 2008, Plaintiffs amended the various complaints in these actions to add U.S. Patent
No. 7,431,944 ("the '944 patent").
[2] The parties also agree that the designation of material as "CONFIDENTIAL-ATTORNEYS' EYES
ONLY" shall be treated the same as ATTORNEYS' EYES ONLY.

Accordingly, the Court hereby enters the following Order:

### DISCOVERY CONFIDENTIALITY ORDER

**WHEREAS,** the parties to the above-captioned actions (the "Actions") may seek discovery of documents, information or other materials that may contain trade secrets or other confidential research, development or commercial information of other parties or third parties;

**NOW THEREFORE,** pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties, and for good cause shown, the Court hereby **ORDERS** that:

1.      This Order shall govern the disclosure, or discovery of documents, information or other materials that may contain trade secrets or other confidential research, development or commercial information of the parties or third parties in these Actions.

2.      Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number.

## I.      CONFIDENTIAL INFORMATION

3.      Any producing person, entity or third party ("producing party") may designate any information, document or tangible item to be disclosed and/or produced as CONFIDENTIAL INFORMATION if: (a) the producing party claims in good faith that such information, document or tangible item comprises or contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G); and (b) the producing party gives notice, as provided in this Order, that such information, document or tangible item comprises or contains CONFIDENTIAL INFORMATION.

5

a.      All information, documents or tangible items to be produced in tangible form that the producing party wishes to designate as CONFIDENTIAL INFORMATION must, prior to production to the receiving party, be labeled by the producing party with the legend: "CONFIDENTIAL" or a suitable equivalent.

b.      However, when information is initially disclosed for inspection (such as for selection of materials for copying and production) no markings need be made by the producing party in advance of the inspection.  For the purposes of inspection, all information produced shall be considered designated as "ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specific documents for copying, the producing party shall mark the copies of such documents with the appropriate designation in accordance with the provisions of this Order.  All information disclosed by a witness at a deposition shall be treated as "ATTORNEYS' EYES ONLY" information (*see* the provisions set forth under Section II) for a period of fourteen (14) days from the date the final deposition transcript is received by the designating party.  Thereafter, the information contained in the deposition transcript will no longer be deemed ATTORNEYS' EYES ONLY unless: (1) in a writing sent to counsel for the receiving party before the expiration of the fourteen-day period, counsel for the producing party claims in good faith that the deposition transcript (or a specified portion of it) contains CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY; or (2) at the deposition, counsel for the producing party stated on the record that certain portions of the deposition transcript contain CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information.

4.      Any information, document or tangible item designated CONFIDENTIAL INFORMATION that is disclosed and/or produced in connection with these Actions shall be maintained in strict confidence by the receiving party; shall be used solely in connection with

6

and in these Actions, subject to any further order of this Court regarding confidentiality; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

     5.    Access to CONFIDENTIAL INFORMATION shall be strictly limited to the following persons:

     a.    Outside counsel for the receiving party, and the secretarial, clerical, paralegal and other supporting personnel of said outside counsel;

     b.    When Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG are the receiving parties, up to two (2) in-house legal personnel, or one in-house legal personnel and a non-legal personnel, employed by Celgene Corporation, and up to two (2) in-house legal personnel, or one in-house legal personnel and a non-legal personnel, employed by Novartis Pharmaceuticals Corporation or Novartis Pharma AG. Each individual identified below agrees to execute Exhibit F attached hereto and forward a copy of said completed and signed undertaking to all counsel. These personnel shall be:

Celgene

    (1) Richard Girards, Jr.

    (2) Maria Pasquale

Novartis

    (1) Peter Waibel

    (2) Cozette McAvoy

     c.    When Teva Pharmaceuticals USA, Inc. is the receiving party, up to two (2) in-house legal personnel, or one in-house legal personnel and a non-legal personnel, employed by Teva. Each individual identified below agrees to execute Exhibit F attached hereto and forward a copy of said completed and signed undertaking to all counsel. These in-house legal personnel shall be:

(1) Oded Yaari

(2) Staci Julie

d.      When Barr Laboratories, Inc. is the receiving party, up to two (2) in-house

legal personnel, or one in-house legal personnel and a non-legal personnel, employed by

Barr Laboratories, Inc. Each individual identified below agrees to execute Exhibit F

attached hereto and forward a copy of said completed and signed undertaking to all

counsel. These in-house legal personnel shall be:

(1) Azeen James

(2) Fred Killion

e.      When Actavis South Atlantic LLC, and Abrika Pharmaceuticals, Inc. are

receiving parties, up to two (2) in-house legal personnel, or one in-house legal personnel

and a non-legal personnel, employed by Actavis South Atlantic LLC or Abrika

Pharmaceuticals, Inc.. Each individual identified below agrees to execute Exhibit F

attached hereto and forward a copy of said completed and signed undertaking to all

counsel. These in-house legal personnel shall be:

(1) Lisa Graver

f.      When IntelliPharmaCeutics Corporation, is a receiving party, up to two (2)

in-house legal personnel, or one in-house legal personnel and a non-legal personnel, employed

by IntelliPharmaCeutics Corporation. Each individual identified below agrees to execute Exhibit

F attached hereto and forward a copy of said completed and signed undertaking to all counsel.

These in-house legal personnel shall be:

(1) John Allport

g.      Outside experts or consultants for the receiving party who are not (and

shall not become) employees of a receiving party and who are retained in connection with the

disputes between or among the parties to these Actions, and their supporting personnel; provided that the disclosure of CONFIDENTIAL INFORMATION to any such expert or consultant shall be made only after: (1) Counsel desiring to disclose CONFIDENTIAL INFORMATION to such an expert or consultant obtains a completed and signed undertaking in the form of Exhibit F attached hereto from the expert or consultant and forwards a copy of said completed and signed undertaking and the expert's or consultant's current curriculum vitae to counsel for the producing party; and (2) Expiration of a period of seven (7) business days, commencing with the receipt by counsel for the producing party of a copy of the expert's or consultant's completed and signed undertaking and current curriculum vitae.  During this period, counsel for the producing party may object in good faith to the disclosure of CONFIDENTIAL INFORMATION to this expert or consultant for cause, *e.g.*, an identified conflict of interest.  If counsel for the producing party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within said seven-day period.  In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert or consultant until there is an express written agreement of the parties or order of this Court removing the objection.  The party seeking disclosure to an objected-to expert or consultant shall have the obligation to seek an order of the Court removing the objection.

       h.     Non-technical trial consultants, *e.g.*, mock jurors, and graphics or design firms retained by outside counsel for the receiving party for the purpose of preparing demonstrative or other exhibits, *e.g.*, for trial, including their supporting personnel;

       i.     Licensed court reporters and videographers employed in connection with these Actions; and

9

j.     This Court and its authorized personnel.

6.     Subject to Paragraph 7, the designated in-house legal personnel of the receiving party shall be permitted to inspect and have access to all CONFIDENTIAL INFORMATION and to discuss such CONFIDENTIAL INFORMATION with any other person identified in Paragraph 5.

## II.    ATTORNEYS' EYES ONLY

7.     In the event that a producing party believes access to particular information, document(s) or tangible item(s), the disclosure of which is likely to provide a significant competitive or economic advantage to a competitor, requested by the receiving party should be more limited than is provided in Paragraph 5, the producing party may additionally designate the information ATTORNEYS' EYES ONLY.

8.     Disclosure of information designated ATTORNEYS' EYES ONLY shall be limited to persons identified in Subparagraphs 5a, 5g, 5h, 5i, and 5j, and the following persons designated below:

a.     One in-house legal personnel employed by Celgene (Maria Pasquale) and one in-house legal personnel employed by Novartis (Peter Waibel), shall be granted access to each Defendants' information designated ATTORNEYS' EYES ONLY, for the sole purpose of evaluating or forming positions with respect to infringement and validity.

The parties agree that such in-house legal personnel may not have physical custody of, or maintain or retain any copies, summaries or digests of, Defendants' documents, and further agree that he or she shall not maintain such information in a computer or computer system electronically accessible by a party, shall not be sent such information electronically, shall not reproduce such information, shall not transcribe such information into any tangible form (including handwritten notes), and shall not take possession of the transcriptions of others

10

containing such information.  Notwithstanding, the designated in-house counsel may also review the documents in the offices of its outside counsel.  In addition, the designated in-house counsel associated with Celgene or Novartis may review the documents through a secure Internet-based application such as Citrix or Inview by Kroll Ontrack ("Channel") provided, however, each designated in-house counsel agrees that he or she will not copy, reproduce (manually or by electronic means), download, distribute, or print such documents.

      b.    One in-house legal personnel employed by each Defendant (*i.e.*, Teva Pharmaceuticals USA, Inc. (Oded Yaari), Barr Laboratories, Inc. (Azeen James), Actavis South Atlantic LLC or Abrika Pharmaceuticals, Inc. (Lisa Graver), and IntelliPharmaCeutics Corp. (John Allport)) shall be granted access to Celgene and/or Novartis information designated ATTORNEYS' EYES ONLY, for the sole purpose of evaluating or forming positions with respect to invalidity and inequitable conduct.

      The parties agree that such in-house legal personnel may not have physical custody of, or maintain or retain any copies, summaries or digests of, Celgene's and Novartis's documents, and further agree that he or she shall not maintain such information in a computer or computer system electronically accessible by a party, shall not be sent such information electronically, shall not reproduce such information, shall not transcribe such information into any tangible form (including handwritten notes), and shall not take possession of the transcriptions of others containing such information.  Notwithstanding, the designated in-house counsel may also review Celgene's and Novartis's documents in the offices of its outside counsel.  In addition, the designated in-house counsel associated with each Defendant may review Celgene's and Novartis's documents through a secure Internet-based application such as Citrix or Inview by Kroll Ontrack ("Channel") provided, however, each designated in-house

11

counsel agrees that he or she will not copy, reproduce (manually or by electronic means), download, distribute, or print such documents.

          c.     When a party wishes to change the designee identified above under Section 8(a) or 8(b), as the case may be, that party shall do the following:

          (i.) If Celgene or Novartis wishes to change the designee, Celgene or Novartis, as the case may be, shall identify the new designee in advance of granting that individual access to Defendants' documents and permit each Defendant seven business days to object in good faith to the disclosure of their documents to such in-house legal personnel. If a Defendant fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within said seven-day period. In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of the objecting party's documents to the in-house legal personnel until there is an express written agreement of the parties or order of this Court removing the objection.

          (ii.) If a Defendant wishes to change its designee, that Defendant shall identify the new designee in advance of granting that individual access to Plaintiffs' documents and permit each Plaintiff seven business days to object in good faith to the disclosure of their documents to such in-house legal personnel. If a Plaintiff fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within said seven-day period. In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of the objecting party's documents to the in-house legal personnel until there is an express written agreement of the parties or order of this Court removing the objection.

9.      For material designated as ATTORNEYS' EYES ONLY, outside counsel of record and those persons described in Subparagraphs 5(g) and Paragraph 8(a)(b) and (c) who receive materials designated as ATTORNEYS' EYES ONLY specifically agree, in addition to the other requirements of this protective order, that they (i) will not disclose any such ATTORNEYS' EYES ONLY materials to the FDA, the PTO, or any nonparty; and (ii) will not be directly involved in the preparation or prosecution of any patent application (U.S. or foreign) for compositions containing dexmethylphenidate or drug formulations involving dexmethylphenidate that provide two or more effective time separated doses of drug from a single dosage unit, including uses of such compositions or formulations, for the duration of these Actions including appeals.

**III.    USE OF MATERIAL DESIGNATED CONFIDENTIAL INFORMATION OR ATTORNEYS' EYES ONLY**

10.      Except as specified in Section VIII, information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY must be used solely for these Actions and the preparation and trial of these Actions, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation, any other litigation, patent prosecution or acquisition, communication with any regulatory agency including, but not limited to, the Food and Drug Administration ("FDA"), or any business or competitive purpose or function. Information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY must not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.  Information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY may be used, relied upon and referred to in any testimony or other evidence presented at any trial, hearing or deposition conducted in connection with the disputes between or among the parties to these Actions, as long as the person presenting such testimony or evidence is authorized to have access to such information designated CONFIDENTIAL

13

INFORMATION or ATTORNEYS' EYES ONLY under the terms of this Order, and subject to any further order of this Court regarding confidentiality.

11.    If information of a producing party is designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY and is to be filed with this Court in connection with any proceeding in this Action, the party filing the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information (the "Filing Party") shall move pursuant to Local Civil Rule 5.3(c) to seal such information to prevent public disclosure. The Filing Party shall also designate any document, material or information which is the subject of the motion as "Confidential Materials" pursuant to Local Civil Rule 5.3(c)(3), and take appropriate action necessary to assure that such document, material or information shall remain sealed until such time as the motion is decided.

Where the "Confidential Material" sought to be protected from public disclosure pursuant to a Local Rule 5.3(c) Motion was initially disclosed in the litigation by a party (the "Disclosing Party") other than the Filing Party, the burden shall be on the Disclosing Party to establish the basis for continuing to protect the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY material from public disclosure. The Disclosing Party may file a brief in support of the Filing Party's Local Rule 5.3(c) Motion no later than 10 business days after such a Motion is filed, and the Filing Party shall have no burden beyond filing the initial Motion.

Should a Filing Party fail to properly file documents or materials containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY material in accordance with this Order, the Local Civil Rules or the ECF Polices, any party (including subpoenaed third parties) who in good faith believes that filing under seal is required may, within ten (10) days of learning of the allegedly defective filing, file a motion with the Court to request an order sealing such documents or material. Nothing in this provision relieves a party of liability for damages

14

caused by the electronic filing of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES

ONLY material for damages caused by failure to properly file under seal documents or materials

containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY.

12.     This Order shall not limit a party's use, at a deposition, hearing or at trial, of a

document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to examine a person

who otherwise would not be authorized under the terms of this order to view such a document, so

long as the document or foundation testimony demonstrates that the witness; (i) authored the

document; (ii) received the document; (iii) previously had rightful access to the document; or (iv)

had knowledge of information contained in the document that has been designated

CONFIDENTIAL or ATTORNEYS' EYES ONLY.

13.     Nothing in this Order shall bar or otherwise restrict any attorney from rendering

advice to a party-client or, in the course thereof, relying upon his or her knowledge of

information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY;

provided, however, that in rendering such advice the attorney shall not disclose any information

designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY and received

from another party or third party to unauthorized persons.

14.     In the event that any party having possession, custody or control of any materials

designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY receives a

subpoena or other process or order from a non-party to this action to produce such materials in

another, unrelated legal proceeding, the party thus served (the "receiving party") shall promptly

notify counsel for the disclosing party of the subpoena or other process or order, furnish counsel

for the disclosing party with a copy of said subpoena or other process or order and cooperate

with respect to all reasonable procedures sought to be pursued by the disclosing party whose

interests may be affected.  The disclosing party shall have the burden of moving to quash such

subpoena or other process or order.  The disclosing party has 14 days from which it receives

notice (any notice shall include at a minimum a copy of the subpoena and any attachments

thereof) from the receiving party to move to quash the subpoena or other process or order, but

the receiving party shall not respond to the subpoena by producing or otherwise disclosing the

disclosing party's CONFIDENTIAL or ATTORNEYS' EYES ONLY materials during this time.

The receiving party shall be entitled to comply with the subpoena or other process except to the

extent that the disclosing party is successful in obtaining an order modifying or quashing the

subpoena or other process or order.

## IV.  CHALLENGE OF CONFIDENTIAL INFORMATION OR ATTORNEYS' EYES ONLY DESIGNATIONS

14.     A receiving party's acceptance of material designated CONFIDENTIAL

INFORMATION or ATTORNEYS' EYES ONLY by a producing party shall not constitute an

admission, or create an inference, that the material is in fact confidential within the meaning of

Federal Rule of Civil Procedure 26(c)(1)(G).  This Order shall not foreclose any party from

moving for an order that materials designated CONFIDENTIAL INFORMATION or

ATTORNEYS' EYES ONLY are not confidential within the meaning of Federal Rule of Civil

Procedure 26(c)(1)(G), which motion may be made at any time subsequent to designation. Prior

to bringing such a motion, however, the receiving party shall first request in writing that the

producing party change or remove its confidentiality designation.  If the producing party refuses

to change its confidentiality designation within ten (10) business days, the receiving party may

move for an order changing or removing the designation.  On such a motion, the producing party

shall have the burden of proving that the material it designated CONFIDENTIAL

INFORMATION or ATTORNEYS' EYES ONLY embodies its trade secrets or other

confidential research, development or commercial information within the meaning of Federal

Rule of Civil Procedure 26(c)(1)(G).

## V.   **INADVERTENT PRODUCTION**

15.    The disclosure and/or production of any information, document or tangible item without one of the designations provided by Paragraphs 3 or 7 of this Order shall constitute a waiver of any claim of confidentiality, except where such undesignated disclosure or production resulted from inadvertence or mistake on the part of the producing party and such inadvertence or mistake is brought to the attention of the receiving party promptly after its discovery.  Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the producing party shall provide properly designated documents and/or tangible items, if applicable. Upon receipt of such notice and properly designated documents and/or tangible items, if applicable, the receiving party shall substitute properly designated copies for those previously received, destroy or return, if requested, all copies of the previously received documents, and treat the information contained in or derived from said replaced documents and/or tangible items as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY.

16.    Should any information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall: (a) use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; and (c) request such person to sign an undertaking in the form of Exhibit F attached hereto.  If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party.  The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

## VI.   ATTORNEY-CLIENT PRIVILEGE

17.     Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work product immunity or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted.

18.     If a producing party inadvertently or mistakenly produces information, documents or tangible items in these Actions that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies of any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information and retaining a summary of notes for purposes of making a motion to compel with the Court. The producing party shall retain copies of all returned documents and tangible items for further disposition. In the event that a document is used at a deposition or in a Court hearing,

18

or is identified in a pleading, brief, interrogatory response, pretrial order or court submission, any claim of inadvertent production under this paragraph must be made within seven (7) days of such use or identification.

## VII.   LIMITATION ON CONFIDENTIAL AND ATTORNEYS' EYES ONLY DESIGNATIONS

19.   The restrictions and obligations set forth in this Order relating to information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party; or (c) has come or hereafter comes into the receiving party's legitimate possession without any confidentiality restrictions and independently of the producing party. The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY if said person or entity already has legitimate possession thereof.

## VIII.   ADDITIONAL ACCESS TO CONFIDENTIAL INFORMATION OR ATTORNEYS' EYES ONLY INFORMATION

20.   In the event that a receiving party desires to provide access to information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY to any person not entitled to such access under this Order, the receiving party shall first request in writing an agreement to do so from the producing party.  If the producing party does not enter into such an agreement within ten (10) business days, the receiving party may move the Court for an order that such person be given access thereto.  In the event that the motion is granted, such person may have access to information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY after first signing an undertaking in the form of Exhibit F attached

hereto, a copy of which shall be forwarded promptly to counsel for the producing party, or under such other conditions as the parties to these Actions may agree or this Court may order.

## IX.   MODIFICATION AND SURVIVAL OF PROTECTIVE ORDER

21.    This Order shall not prevent any party from applying to the Court for further or additional protective orders.

22.    This Order shall survive the termination of these Actions.

## X.    FINAL TERMINATION OF ACTION

23.    After final termination of these Actions including any appeals, outside counsel identified in Subparagraph 5a for a receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, and other submissions to the Court, including any information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY contained therein.  The in-house legal personnel identified in Subparagraphs 5b, 5c, 5d, 5e and 5f may retain one archival copy of the briefs (excluding any information or exhibits designated ATTORNEYS' EYES ONLY) filed with the Court, and orders issued by the Court.  Within thirty (30) days after final termination of these Actions, including any appeals, all additional materials designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY of a producing party in the possession, custody or control of a receiving party – or in the possession, custody or control of any person allowed access to such information under Paragraph 5 of this Order – must either be: (a) returned to outside counsel for the producing party; or (b) destroyed and such destruction certified in writing to outside counsel for the producing party.

**AGREED:**

Dated: January 22, 2009

By: s/ William J. O'Shaughnessy
    William J. O'Shaughnessy
    MCCARTER & ENGLISH, LLP
    Four Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102
    (973) 639-2094
    woshaughnessy@mccarter.com

    Henry J. Renk
    Nicholas N. Kallas
    FITZPATRICK, CELLA, HARPER & SCINTO
    30 Rockefeller Plaza
    New York, New York 10112
    (212) 218-2100

    *Attorneys for Plaintiffs*
    *Novartis Pharmaceuticals Corporation*
    *and Novartis Pharma AG*

Dated: January 22, 2009

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    SAUL EWING LLP
    One Riverfront Plaza
    Newark, New Jersey 07102-5490
    (973) 286-6700
    clizza@saul.com

    Anthony M. Insogna
    Lester J. Savit
    JONES DAY
    12265 El Camino Real, Suite 200
    San Diego, CA 92130-4096
    (858) 314-1200
    ljsavit@jonesday.com

    Jason G. Winchester
    JONES DAY
    77 West Wacker
    Chicago, IL 60601-1692
    (312) 782-3939
    jgwinchester@jonesday.com

    *Attorneys for Plaintiff*
    *Celgene Corporation*

Dated: January 22, 2009

Dated: January 22, 2009

By:  s/ Arnold B. Calmann
    Arnold B. Calmann
    Jeffrey S. Soos
    SAIBER LLC
    One Gateway Center, 13th Floor
    Newark, New Jersey 07102-5311
    (973) 622-3333
    abc@saiber.com

    Daniel Brown
    WILSON SONSINI GOODRICH & ROSATI
    1301 Avenue of the Americas
    40th Floor
    New York, New York 10019
    (212) 999-5800
    dgbrown@wsgr.com

    F.T. Alexandra Mahaney
    Wendy L. Devine
    WILSON SONSINI GOODRICH & ROSATI
    12235 El Camino Real Suite 200
    San Diego, CA 92 130-3002
    (858) 350-2300
    amahaney@wsgr.com

    *Attorneys for Defendant*
    *IntelliPharmaCeutics Corporation*

By:  s/ Allyn Z. Lite
    Allyn Z. Lite
    Michael E. Patunas
    LITE DEPALMA GREENBERG
    & RIVAS, LLC
    Two Gateway Center, 12th Floor
    Newark, New Jersey 07102
    (973) 623-3000
    mpatunas@ldgrlaw.com

    Mark D. Schuman
    Jeffer Ali
    Samuel T. Lockner
    CARLSON, CASPERS, VANDENBURGH
    & LINDQUIST
    225 South Sixth Street, Suite 3200
    Minneapolis, Minnesota 55402
    (612) 436-9600
    mschuman@ccvl.com

    *Attorneys for Defendant*
    *Teva Pharmaceuticals USA, Inc.*

Dated: January 22, 2009

By:  s/ James S. Richter
     James S. Richter
     Melissa Steedle Bogad
     WINSTON & STRAWN LLP
     The Legal Center
     One Riverfront Plaza, 7th Floor
     Newark, New Jersey 07102
     (973) 848-7645
     jrichter@winston.com

     George C. Lombardi
     Bradley C. Graveline
     Samuel S. Park
     WINSTON & STRAWN LLP
     35 West Wacker Drive
     Chicago, Illinois 60601
     (312) 558-5806
     bgraveline@winston.com

     *Attorneys for Defendant*
     *Barr Laboratories, Inc.*

Dated: January 22, 2009

By:  s/ Victoria R. Pekerman
     Victoria R. Pekerman
     SHAPIRO & CROLAND
     Continental Plaza II
     411 Hackensack Avenue
     Hackensack, New Jersey 07601
     (201) 488-3900
     vpekerman@shapiro-croland.com

     Francis H. Morrison III
     Matthew J. Becker
     AXINN, VELTROP & HARKRIDER LLP
     90 State House Square
     Hartford, Connecticut 06103
     (860) 275-8135
     fhm@avhlaw.com

     *Attorneys for Defendants*
     *Actavis South Atlantic LLC and*
     *Abrika Pharmaceuticals, Inc.*

**SO ORDERED:**

HON. TONIANNE J. BONGIOVANNI, U.S.M.J.   1/29/09